## KIRKSEY vs. KIRKSEY.

1. If a wife, by bill, sets up an ante-nuptial agreement by parol for the settlement of property, which is admitted by the husband, and the Statute of Frauds is not insisted upon, equity will decree a specific performance.

In Equity, in Clayton Superior Court.   Decision on demurrer by Judge Bull, at November Term, 1859.

This was a bill filed by Mary Kirksey, (by her next friend) against Elisha H. Kirksey, her husband, Jesse L. Blalock and others, and its object was to set up an ante-nuptial verbal agreement between complainant and the said Elijah H. relative to the property owned by her prior to their marriage, and which she might subsequently acquire.   The marriage occurred about June, 1857.   The bill further seeks to set aside and have declared void a certain deed of gift executed by said Mary in favor of her children by a former marriage, of a negro girl and 100 acres of land ; this deed was executed just prior to her marriage with Kirksey, and which she executed when sick, upon the representation of her two sons, John F. and James H. Waldrop, that said paper was a will. The bill further seeks to set aside and annul a certain bill of sale executed by her husband, the said Elisha H., to Jesse L. Blalock, of the negro girl Suse, owned by complainant before her marriage with Kirksey, and which negro has been detained or taken into the possession of Blalock.

Defendants demurred to the bill for want of equity.   The Court sustained the demurrer, on the ground that the ante-

Kirksey *vs.* Kirksey.

nuptial parol agreement sought to be set up and enforced is within the statute of frauds, and that marriage is not such a part performance as takes the case out of the statute, and dismissed the bill.

To which decision counsel for complainant excepts.

NORTON, GREEN & STEWART, for plaintiff in error.

HILL & CONNER, *contra*.

*By the Court.*—LUMPKIN, J., delivering the opinion.

We are clear that this bill ought to be answered. If the husband confesses the ante-nuptial agreement and does not insist upon the statute of frauds in bar of its execution, there will be no obstacle in the way of decreeing its performance. And the case made by the bill and admitted by the demurrer of the other three defendants, sternly demands the interference of a Court of Equity.

True, the husband might voluntarily make a conveyance and invest the trustee of his wife with power to institute proceedings against the other parties to recover the property. But it is better in the end to settle the whole matter in the present proceeding.